54 CCPA

**Application of George M. RAPATA.**

**Patent Appeal No. 7714.**

United States Court of Customs and Patent Appeals.

Jan. 12, 1967.

Olson, Trexler, Wolters & Bushnell, Chicago, Ill. (Richard Bushnell and Richard Sturtevant, Chicago, Ill., of counsel), for appellant.

Joseph Schimmel, Washington, D. C. (Lutrelle F. Parker, Washington, D. C., of counsel), for Commissioner of Patents.

Before WORLEY, Chief Judge, RICH, SMITH and ALMOND, Judges, and Judge WILLIAM H. KIRKPATRICK.[*]

KIRKPATRICK, Judge.

This is an appeal from a decision of the Board of Appeals affirming the examiner's rejection of appealed claims[1] 6 through 16. The position of the Patent Office is that the claimed invention is obvious in view of the prior art, 35 U.S.C. § 103.

The claimed invention is a plastic fastener. The prior art relied on is as follows:

| Whitted | 2,976,345 | Mar. 21, 1961 |
|---|---|---|
| Rapata | 2,836,214 | May 27, 1958 |
| Herr et al. (German) | 1,006,733 | Apr. 18, 1957 |
| Kearns | 2,402,287 | June 18, 1946 |

The examiner held the claimed invention unpatentable over Herr in view of Whitted and, further, over Kearns in view of Rapata. In affirming the rejection the board states it "applied the art in a manner somewhat different from

[*] Senior District Judge, Eastern District of Pennsylvania, sitting by designation.

1. In application No. 54,649, filed September 8, 1960, entitled "Plastic Fastener." Two claims stand allowed.

that used by the Examiner." The appellant makes no objection. Rather he argues that this demonstrates that there is disagreement as to what the references do teach. We find that the appealed claims were properly rejected in view of the art of record and the decision of the board must therefore be affirmed.

An embodiment of the appellant's invention and the fasteners disclosed in the principal references of Kearns and Herr are depicted as follows:

<u>Appellant</u>                                     <u>Herr</u>

## Appellant (cont.)

## Kearns

The single independent claim on appeal states:

6. A device of the type described comprising a one-piece member of tough deformable and resilient plastic material, said member including a head portion for overlying one side of the work structure, and a plurality of axially extending shank sections separated by slot extending axially from separate free entering ends thereof for insertion through an apertured work structure, said shank sections having radially solid walls between said slots and having outer surfaces presenting a cross-sectional configuration of predetermined dimensions, said member having a passageway extending axially therein and partially defined by inner surfaces of said shank sections and adapted to accommodate an element insertable therein for expanding said shank sections, said shank sections each including a plurality of axially extending circumferentially narrow and spaced compressible ribs projecting laterally outwardly from said outer surfaces thereof and having outer edges defining a cross-sectional configuration having transverse dimensions greater than said predetermined transverse dimensions for engagement with a margin of a work structure aperture when the device is applied to the work structure, each of said ribs extending substantially to said head

for insuring engagement with an inner edge of the aperture regardless of the thickness of the work structure, portions of said ribs within a work structure aperture being deformed and collapsed when said shank sections are expanded for creating generally radially extending shoulders between said portions of said ribs and additional portions of the ribs located outwardly of said aperture for engaging behind the work structure and cooperating with said head for positively securing the device with respect to the work structure and said expanding element and at least a portion of said inner surfaces being relatively tapered for causing outer end portions of said outer surfaces as well as said ribs to be located radially outwardly of said first mentioned cross-sectional configuration and for engaging behind the work structure when the shank sections are expanded.

Whitted discloses a fastener having a head and a fluted shank portion. The flutes, which extend along the shank to the head, become deformed when the fastener is installed to create radially extending shoulders as locking means. Rapata also discloses the feature of an expanding shoulder to provide locking means.

Whitted

Fig. 1

Rapata

The board reasoned as follows:

\* \* \* The basic concept of ribs on an expansible shank of a fastener being deformed upon expanding said shank and forming lock shoulders is found in Figs. 8 and 9 of Rapata. While the ribs 14 of Herr's element \* \* \* are not deformed when applied to the single plate shown in Fig. 1 of that patent, it is apparent that these ribs will be deformed and provide locking shoulders when associated with two plates, as in Kearns, for precisely the same reason as in this case and in Figs. 8 and 9 of the Rapata patent. Thus, the Herr \* \* \* structure so used would provide a deformation of the ribs in the second plate and form locking shoulders thereagainst. Moreover, even with a single plate, the patent to Rapata would render obvious the extension in Herr \* \* \* of the ribs and the slots in the shank to the head of the rivet so that the ribs can be crushed and also form locking shoulders, as is taught by Rapata. Appellant has generally argued the lack of showing in Herr \* \* \* and in Figs 8 and 9 of Rapata of a plurality of ribs on

each shank section, as is required by claim 6, which is the base claim for the remaining claims on appeal, but there is no clear indication of the particular advantages afforded by the same over the single rib on each shank portion shown by Herr * * * for example. However, it is our opinion that it is obvious to one skilled in the art to provide two or more ribs in place of the single rib shown on each shank section of Herr to attain thereby the obvious result of increased locking shoulders. While the patent to Whitted does not disclose a split, expansible shank, it does disclose plural ribs with each rib having a locking shoulder in the assembly, as is apparent from Fig. 1 of that patent, and from Fig. 3 of Whitted there are more than one rib for each quarter section of the shank.

The tapered structure of the ribs set forth in some of the claims depending from claim 6 are shown by Herr * * * and the polygonal cross section of the shank recited in claims 12 and 15 is not particularly relied on by the appellant for a patentable· distinction and, further, is common, the Examiner referring generally to the art of record for this aspect.

Both the appellant and the solicitor discuss extensively the Herr reference. The appellant argues:

Thus Herr fails completely to teach or suggest (1) the concept of providing ribs adapted to be compressed within a workpiece aperture and formed around an edge thereof for providing retaining shoulders, (2) the concept of obtaining the combination of both shoulders formed on the ribs and shoulders provided by expanding the solid surface of the shank sections for retaining the fastener while facilitating expansion of the fastener, particularly in relatively thick work structures, (3) the provision of a plurality of the aforementioned ribs on a shank section, (4) the provision of the aforementioned ribs on *each* of the shank sections, and (5) the extension of the ribs on the expandable shank sections substantially to the enlarged head of the device.

The solicitor argues:

The Herr * * * disclosure fails in being completely anticipatory of appellant's fastener in only two respects. First, it does not specifically teach the placing of a plurality of compressible ribs on each of the shank sections 10 (one rib 14 only being shown on each of the two sections in Herr * * *) and secondly, the ribs shown do not extend to the head.

The solicitor argues that the board correctly relied on the teachings in Whitted (a plurality of compressible ribs) and in Rapata (ribs extending to the head providing locking shoulders) in holding the claimed combination obvious.

As to appellant's five contentions regarding Herr the solicitor argues as follows:

The disclosure of Herr * * * would seem to refute each of appellant's five contentions. As to items (1) and (2), the patent clearly shows (1) ribs 14 *adapted* to be compressed within a properly sized workpiece aperture to (2) cooperate with the shank sections upon expansion thereof and form shoulders for retaining the fastener in the aperture. This relationship is a matter that is determined by the nature, shape, and size of the aperture in the parts to be fastened with relation to the size of the shank and the ribs. Much more than a mere provision of ribs is involved. If the ribs in appellant's device have in themselves the potential for expansion to form a shoulder upon expansion of the shank sections of appellant's fastener, they likewise must have the same potential in the Herr * * * fastener, since there is no difference in structure over the reference insofar as the first two items are concerned.

With reference to appellant's third and fourth contentions, it is to be

noted that even though only two ribs are shown on the shank sections in the drawing, the Herr * * * disclosure in no way expressly limits the number of ribs to two and might be said to suggest use of as many as might be needed in the statement * * * that "projecting ribs 14 may be arranged on the outer surface 10" of the shank. It is submitted that this statement would provide ample motive for providing a plurality of ribs on all of the shank sections of the Herr * * * fastener if it were deemed either necessary or desirable. Such is specially the case since reference numeral 10 in Figure 5 identifies adjacent sections 10 one with and one without ribs.

Turning now to appellant's fifth contention, it is to be noted that the ribs 14 of the Herr * * * fastener * * * contrary to appellant's argument, *do* extend *substantially* to the head of the fastener. The language used by appellant in the appealed claims which requires the ribs to extend *substantially* to the head is clearly broad enough to permit terminating the ribs of appellant's device a small distance before they reach the head, as in the Herr * * * device, * * *.

We are unable to find any error in the result reached by the board. The appellant's arguments as to the absence of ribs extending to the head in Herr are not convincing in view of the fact that all of the appealed claims state that the ribs must extend "substantially" to the head. Also, the features of a plurality of ribs or locking shoulders formed from ribs are taught by the prior art. While Herr may disclose that his ribs are an added feature, that embodiment of the Herr invention is not taught to be inferior and is entitled to the same consideration as the other teachings of record. We think the board correctly noted that appellant has offered no clear indication of any particular advantages of the claimed invention over the closely related fasteners disclosed in the prior art.

The decision of the board is therefore affirmed.

Affirmed.